**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JASON MANDIK,** | ) | |
| **on behalf of himself and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | **Case No.  08 C 499** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Judge:  Zagel** |
| **vs.** | ) | |
| | ) | **Magistrate Judge:  Schenkier** |
| **ALLSTAR SPORTS BAR** | ) | |
| **AND GRILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant AllStar Sports Bar and Grill, by its attorney, James X. Bormes, for its

answer to the Complaint states as follows:

### INTRODUCTION

1.      In this action, Plaintiff, on behalf of himself and all others similarly
situated, seeks redress for the Defendant's violation of the Fair Credit Reporting Act
("FCRA"), 15 U.S.C. § 1681 *et seq.* as set forth herein. Plaintiff seeks statutory damages,
punitive damages, costs and attorney fees pursuant to 15 U.S.C. § 168In or, alternatively,
actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

**Answer:**  Defendant admits the allegations in paragraph 1.

### JURISDICTION AND VENUE

2.      Federal question jurisdiction arises under the FCRA, 15 U.S.C. § 1681 *et
seq.*

**Answer:**  Defendant admits the allegations in paragraph 1.

3.      Venue is proper in the Northern District of Illinois pursuant to section
1681p of the FCRA and 28 U.S.C. § 1391.

**Answer:**  Defendant admits the allegations in paragraph 3.

## PARTIES

4.    Plaintiff, Jason Mandik, is a natural person, a resident of Chicago, Illinois and a "consumer" as defined by section 1681 a(c) of the FCRA.

**Answer:**  Defendant lacks knowledge sufficient to form a belief as to the truth of

the allegations in paragraph 4 and, therefore, denies the same.

5.    Defendant Allstar Sports Bar and Grill ("Allstar") is a restaurant located at 555 W. Madison Street in Chicago, Illinois and is subject to the jurisdiction of this court.

**Answer:**  Defendant admits that a bar known as Allstar Sport Bar and Grill is

located at 555 W. Madison in Chicago, Illinois but Defendant denies that entity is the

proper defendant in this case.

## STATUTORY STRUCTURE

6.    Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

**Answer:**  Defendant admits the allegations in paragraph 6.

7.    Any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with attorney's fees. 15 U.S.C. § 1681o.

**Answer:**  Defendant admits the allegations in paragraph 7.

## FACTS

8.    On December 20, 2007, Plaintiff used his credit card to make a purchase from Allstar and received an electronically printed receipt (attached hereto as Exhibit A).

**Answer:**  Defendant denies the allegations in paragraph 8.

9.    Exhibit A includes the expiration date of the credit card used by the Plaintiff to make his purchase.

**Answer:**  Defendant admits the allegations in paragraph 9.

10.     By printing the expiration date of the Plaintiff's credit card on his receipt, Allstar needlessly subjected the Plaintiff to an increased risk of identify theft and credit card fraud.

**Answer:**  Defendant denies the allegations in paragraph 10.

## CAUSE OF ACTION

### COUNT I — Willful Failure to Comply with the FCRA

11.     The Fair and Accurate Credit Transactions Act of 2003 (FACTA) amended the FCRA to prohibit any person that accepts credit or debit cards for the transaction of business from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. § 1681c(g)(1).

**Answer:**  Defendant admits the allegations in paragraph 11.

12.     In enacting this provision, Congress phased-in compliance for all merchants over three years. FACTA required full compliance with this provision no later than December 4, 2006.

**Answer:**  Defendant admits the allegations in paragraph 12.

13.     On information and belief, Allstar is a person that accepts credit and debit cards for the transaction of business.

**Answer:**  Defendant denies the allegations in paragraph 13.

14.     On information and belief, Allstar knew or should have known of the requirements of Section 1681c(g)(1) with respect to the printing of the expiration date of a credit or debit card on any receipt provided to a consumer at the point of sale or transaction, having been informed of those requirements by credit card companies with which it did business.

**Answer:**  Defendant denies the allegations in paragraph 14.

15.     On information and belief, the truncation requirements were widely publicized among retailers and the public at large well in advance of the subsection's effective date.

**Answer:**  Defendant lacks knowledge sufficient to form a belief as to the truth of

the allegations in paragraph 15 and, therefore, denies the same.

16.     Allstar willfully failed to comply with the FCRA by including the expiration date of the Plaintiff's credit card on the receipt it provided to him.

**Answer:**  Defendant denies the allegations in paragraph 16.


### COUNT II — Negligent Failure to Comply with the FCRA

17.      Plaintiff incorporates ¶¶ 1-15 into this count.

**Answer:**  Defendant incoprates by reference its answer to paragraph 1 through 15

as its answer to paragraph 17 of Count II.

18.      Allstar negligently failed to comply with the FCRA by including the
expiration date of the Plaintiff's credit card on the receipt it provided to him.

**Answer:**  Defendant denies the allegations in paragraph 18.

### CLASS ALLEGATIONS

19.      Plaintiff brings this action on behalf of himself and all similarly situated
persons within the United States who used their credit or debit card in any sale or
transaction occurring after December 4, 2006, with Allstar and were provided with an
electronically printed receipt displaying either more than the last five digits of the
person's credit or debit card and/or the expiration date of the person's credit or debit card.

**Answer:**  Defendant admits the allegations in paragraph 19, but denies Plaintiff

can satisfy the requirements for certification of a class.

20.      All proposed class members of this class seek relief under the same legal
theories, under the provisions of 15 U.S.C. §§ 1681n and 1681o, as set forth hereinabove,
so that the claims of the representative plaintiff are typical of the claims of all proposed
class members.

**Answer:**  Defendant denies the allegations in paragraph 20.

21.      The questions of law and fact set forth in the Complaint are common to all
class members. The principle issue is the Defendant's violation of section 1681 c(g) of the
FCRA.

**Answer:**  Defendant denies the allegations in paragraph 21.

22.      The class is sufficiently numerous that joinder of all members is
impractical.

**Answer:**  Defendant denies the allegations in paragraph 22.

23.    Plaintiff has the same claims as the members of the class. All of the claims are based on the same legal theories.

**Answer:**   Defendant denies the allegations in paragraph 23.

24.    Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating the matter. Plaintiff has retained counsel with extensive experience with the FCRA and amendments made thereto by the Fair and Accurate Credit Transactions Act of 2003. Neither the Plaintiff nor his counsel has any interests which might cause them to fail to vigorously pursue this claim.

**Answer:**   Defendant denies the allegations in paragraph 24.

25.    A class action is a superior method for the fair and efficient adjudication of this controversy.

**Answer:**   Defendant denies the allegations in paragraph 25.

26.    The interest of the class members in individually controlling the presentation of separate claims against the Defendant is small because the maximum statutory damages in an individual FCRA action is $1,000.00.

**Answer:**   Defendant denies the allegations in paragraph 26.

27.    This action should be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common issues, as set forth hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy.

**Answer:**   Defendant denies the allegations in paragraph 27.

28.    Plaintiff and class members are entitled to and hereby request a trial by jury.

**Answer:**   The allegations in paragraph 28 do not require a response from

Defendant.

    WHEREFORE, Defendant All-Star Sports Bar and Grill prays for entry of

judgment in its favor and against Plaintiff and that Defendant be awarded its attorney's

fees and costs in defending this action.

**ALLSTAR SPORTS BAR
AND GRILL**,


By: _____
        Defendant's attorneys


James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
312-201-0575
Fax 312-332-0600